# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAVAR STEWART, B-81927,<br><br>    Plaintiff,<br><br>vs.<br><br>JACQUELINE LASHBROOK,<br>MICHAEL D. SCOTT,<br>LIEUTENANT RAMSEY,<br>OFFICER REDDING,<br>and KIMBERLY FERRARI,<br><br>    Defendants. | Case No. 16−cv−01321−MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Javar Stewart, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against Warden Jacqueline Lashbrook, Lieutenant Ramsey, Officer Redding, Doctor Michael Scott, and Nurse Kimberly Ferrari. In his Complaint, Plaintiff alleges that these individuals denied him timely and adequate medical treatment for a broken knee at Pinckneyville in 2016. (Doc. 1, pp. 5-6). As a result, he endured excruciating pain. *Id*. Plaintiff now brings claims against these defendants under the Eighth and Fourteenth Amendments. (Doc. 1, p. 6). He seeks monetary relief against them. (Doc. 1, p. 7).

This case is before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

1

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
  (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
  (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). The Complaint survives preliminary review under this standard.

## The Complaint

On February 11, 2016, Plaintiff slipped and fell while working as a janitor at Pinckneyville. (Doc. 1, p. 5). He immediately felt excruciating pain in his knee and summoned help from two nearby officers, Officer Redding and Lieutenant Ramsey. *Id*. The two officers notified the prison's healthcare unit (HCU) about Plaintiff's injury and had him transported there in a wheelchair. *Id*.

Nurse Ferrari examined Plaintiff's knee but told him that there was nothing she could do. (Doc. 1, p. 5). She explained that it was a holiday weekend, and no one would be able to see him until the following week. *Id*. The nurse wrapped Plaintiff's knee in an ace bandage and sent him back to his housing unit. *Id*.

For four days, Plaintiff waited for medical attention. (Doc. 1, p. 5). While he waited, the prison's medical staff never checked on him. *Id*. Plaintiff alleges that his knee was obviously swollen and in need of treatment. *Id*.

On February 15, 2016, Plaintiff was finally called back to the prison's HCU. (Doc. 1, p. 5). He waited to meet with a medical provider from 11:15 a.m. until 4:30 p.m. *Id*. Plaintiff complained to the assigned officer[1] about his ongoing pain and the need for immediate treatment. *Id*. The officer simply said, "[T]hey will see [you] whenever they see [you]." (Doc. 1, p. 6). Plaintiff was sent back to his housing unit that evening before seeing anyone. *Id*.

On February 16, 2016, Doctor Scott finally examined Plaintiff's knee. (Doc. 1, p. 6). He ordered x-rays, which were completed the next day by Shannon Bradley.[2] *Id*. The x-rays revealed a fractured patella. *Id*. Doctor Scott ordered Plaintiff a cane and pain medication. *Id*. He then sent Plaintiff back to his cell. *Id*.

Plaintiff submitted a written request for more pain medication later the same day. (Doc. 1, p. 6). He explained that the medicine prescribed by Doctor Scott was ineffective. *Id*. Plaintiff experienced severe pain any time he attempted to walk. *Id*.

On February 22, 2017, Plaintiff was granted approval for an appointment with an outside orthopedist. (Doc. 1, p. 6). However, Warden Lashbrook did not authorize a medical writ until March 7, 2016. *Id*. Plaintiff underwent knee surgery the following month. (Doc. 1-1, p. 4).

While Plaintiff waited for approval of the medical writ, he submitted one or more grievances to staff to complain about the delay in treatment. (Doc. 1, p. 6). He received no

---

[1] The officer is not named as a defendant in the case caption. When parties are not listed in the caption, this Court will not treat them as defendants, and any claims against them should be considered dismissed without prejudice. *See* FED. R. CIV. P. 10(a) (noting that the title of the complaint "must name all the parties"); *Myles v. United States*, 416 F.3d 551, 551-52 (7th Cir. 2005) (holding that to be properly considered a party, a defendant must be "specif[ied] in the caption").

[2] This individual is also not named as a defendant in the caption of the Complaint (Doc. 1), and all claims against him or her are considered dismissed without prejudice.

3

response to his grievance(s) until April 12, 2016, which was two months after his injury occurred. *Id*. In the meantime, Plaintiff suffered from severe pain. *Id*.

Plaintiff claims that the defendants exhibited deliberate indifference to his serious medical condition. (Doc. 1, p. 6). They each "knew of and w[ere] at all time[s] aware of [his] injury." *Id*. He brings claims against the defendants for subjecting him to cruel and unusual punishment under the Eighth Amendment and for denying him equal protection of the law under the Fourteenth Amendment. *Id*.

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* Complaint (Doc. 1) into the following counts:

**Count 1 -** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to the knee injury Plaintiff sustained while working as a janitor at the prison on February 11, 2016.

**Count 2 -** Fourteenth Amendment due process claim against Defendants for ignoring, delaying, or denying Plaintiff's grievances regarding the delay in treatment of his knee injury until April 12, 2016.

**Count 3 -** Fourteenth Amendment equal protection claim against Defendants.

As discussed in more detail below, Count 1 survives preliminary review against all of the defendants, except Officer Redding and Lieutenant Ramsey. Counts 2 and 3 fail to state a claim upon which relief may be granted and shall be dismissed against all of the defendants.

## Count 1

The Eighth Amendment imposes a duty on prison officials to provide prisoners with adequate medical care. *Gaston v. Ghosh*, 498 F. App'x 629, 631 (7th Cir. 2012) (citing *Estelle v.*

*Gamble*, 429 U.S. 97 (1976); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012)). An Eighth Amendment claim based on the denial of medical care requires a prisoner to satisfy both an objective and a subjective component. *Id.* The prisoner must allege that he suffered from a serious medical condition (*i.e.*, an objective component) and each defendant was deliberately indifferent to the condition (*i.e.*, a subjective component). *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010)).

The allegations suggest that Plaintiff's medical condition was sufficiently serious. Plaintiff allegedly broke his knee on February 11, 2016. (Doc. 1, p. 5). The fracture remained untreated for two months, and surgery was ultimately performed. (Doc. 1, pp. 5-6; Doc. 1-1, pp. 4). *See Gaston*, 498 F. App'x at 632 (painful knee injury that was diagnosed by doctor and surgeon as requiring further evaluation and treatment deemed objectively serious). The objective component of this claim is satisfied for screening purposes.

The subjective component of this claim is satisfied where the allegations demonstrate that a defendant responded to Plaintiff's serious medical condition with deliberate indifference. Prison doctors demonstrate deliberate indifference when they respond to "a known condition through inaction" or "by persisting with inappropriate treatment." *Id.* at 631-32; *Gayton v. McCoy*, 593 F.3d 610, 623-24 (7th Cir. 2010); *Gonzalez v. Feinerman*, 663 F.3d 311, 314 (7th Cir. 2011); *Greeno v. Daley*, 414 F.3d 645, 653-54 (7th Cir. 2005). Nurses, like doctors, may be liable for deliberate indifference if they "knowingly disregard a risk to an inmate's health." *Perez v. Fenoglio*, 792 F.3d 768, 779 (7th Cir. 2015) (citing *Berry*, 604 F.3d at 443). A delay in necessary treatment that aggravates an injury or prolongs an inmate's pain may give rise to a deliberate indifference claim against a doctor or a nurse. *See, e.g., Edwards v. Snyder*, 478 F.3d

827, 831 (7th Cir. 2007) (two days of pain from dislocated finger); *Jones v. Simek*, 193 F.3d 485, 487-90 (7th Cir. 1999) (six month delay in referral to a neurologist and denial of interim pain medication for prisoner suffering from pain and numbness in arm). A relatively short delay in treatment may even support a claim of deliberate indifference, depending on its impact on the inmate's medical condition, treatment options, and associated pain. *Perez*, 792 F.3d at 777-78. The Complaint suggests that Doctor Scott and Nurse Ferrari both knew that Plaintiff's knee required further evaluation and treatment, as evidenced by his difficulty walking, swelling, and pain. However, both defendants delayed treatment and caused Plaintiff to endure more pain. Count 1 shall proceed against both of these defendants.

This claim shall also receive further review against Warden Lashbrook. Plaintiff was approved for an appointment with an orthopedist on February 22, 2016. (Doc. 1, p. 6). However, Warden Lashbrook would not approve the medical writ until March 7, 2016. *Id*. Plaintiff endured almost a month of pain and suffering associated with his broken knee based, in significant part, on the warden's failure to approve the writ in a timely manner. This delay caused Plaintiff to suffer from additional unnecessary pain and warrants further review of Count 1 against the warden.

No claim is stated against Officer Redding or Lieutenant Ramsey. A nonmedical prison administrator is entitled to defer to the judgment of prison health professionals, as long as they do not ignore Plaintiff. *Berry*, 604 F.3d at 440 (citations omitted). According to the allegations, Plaintiff alerted these defendants to his injury on the date it occurred, and they immediately took action to secure prompt medical treatment by having him transported via wheelchair to the HCU. (Doc. 1, p. 5). No other allegations suggest that either defendant delayed treatment in any way or knew that Plaintiff was denied treatment after going to the HCU. *Id*. The subjective

component of this claim is not satisfied against either defendant. The claim shall be dismissed without prejudice against them.

In summary, Count 1 shall receive further review against Doctor Scott, Nurse Ferrari, and Warden Lashbrook. However, this claim shall be dismissed without prejudice against Officer Redding and Lieutenant Ramsey because the Complaint fails to state a viable claim against these defendants.

### Count 2

The Complaint supports no independent Fourteenth Amendment due process claim against the defendants for ignoring, delaying, or denying Plaintiff's grievance(s). First, Plaintiff does not specifically name the defendants in connection with this claim. (Doc. 1, p. 6). In the statement of his claim, he refers to members of the "staff" who ignored his complaints. *Id*. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Twombly*, 550 U.S. at 555; FED. R. CIV. P. 8(a)(2).

Further, the fact that the defendants may have ignored or disregarded Plaintiff's grievance(s) gives rise to no independent claim under the Due Process Clause of the Fourteenth Amendment. *See Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). The alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Grieveson v. Anderson*, 538 F.3d 763, 772 n. 3 (7th Cir. 2008); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli*, 81 F.3d at 1430. The Constitution requires no procedure. *Id*.

Therefore, the failure of state prison officials to follow their own procedures does not, by itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). On this basis, Count 2 shall be dismissed with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Count 3**

The Fourteenth Amendment equal protection claim in Count 3 must also be dismissed. Plaintiff makes passing reference to this claim in the final sentence of his statement of claim. (Doc. 1, p. 6). However, he offers no reason for bringing the claim. In fact, the Court combed through Plaintiff's voluminous exhibits and found only one reference to discrimination. (Doc. 1-1). Even there, Plaintiff does nothing more than quote the prison's non-discrimination policy: "There will be no discrimination among staff or offenders with regard to . . . other such matters on the basis of sex, race, creed, color, or national origin." (Doc. 1-1, p. 3). He does not complain that anyone actually discriminated against him or offer any possible basis for the discrimination. This court cannot accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff offers nothing more in support of his Fourteenth Amendment equal protection claim. Accordingly, Count 3 shall be dismissed without prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**Pending Motions**

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) shall be **REFERRED** to a United States Magistrate Judge for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is **DENIED**. The motion is unnecessary in this case because Plaintiff is a state prisoner who has been granted

leave to proceed *in forma pauperis*. Under the circumstances, the Court will order service on all defendants who remain in this action pursuant to this screening order.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **JACQUELINE LASHBROOK, MICHAEL D. SCOTT,** and **KIMBERLY FERRARI**. However, this claim is **DISMISSED** without prejudice against Defendants **OFFICER REDDING** and **LIEUTENANT RAMSEY** for failure to state a claim upon which relief may be granted against either defendant.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** with prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that **COUNT 3** is **DISMISSED** without prejudice against all of the defendants for failure to state a claim upon which relief may be granted.

With regard to **COUNT 1**, the Clerk shall prepare for Defendants **LASHBROOK, SCOTT,** and **RAMSEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if

not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint (Doc. 1) and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on the Motion for Recruitment of Counsel (Doc. 3), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for

leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 27, 2017**

**s/ MICHAEL J. REAGAN**
**Chief Judge**
**United States District Court**