IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAVAR STEWART,<br>individually and on behalf of all others<br>similarly situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>JACQUELINE LASHBROOK,<br>MICHAEL D. SCOTT,<br>KIMBERLY FERRARI,<br>WEXFORD HEALTH SOURCES, INC.,<br>SALVADOR GODINEZ,<br>and LOUIS SHICKER,<br><br>　　　　Defendants. | Case No. 3:16-CV-1321-NJR-MAB |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Report and Recommendation of Magistrate Judge Mark A. Beatty (Doc. 113), which recommends the undersigned deny the partial motions to dismiss filed by Defendants Jaqueline Lashbrook,[1] Salvador Godinez,[2] and Louis Shicker[3] ("the IDOC Defendants") (Doc. 70), and Defendants Wexford Health Sources, Inc., Kimberly Ferrari, and Michael D. Scott ("the Wexford Defendants") (Doc. 77). Defendants timely objected to the Report and Recommendation (Docs. 116, 117). Plaintiff Javar Stewart filed a response to these objections (Doc. 118). For the reasons

---

[1] Scott Thompson is the current Warden of Pinckneyville Correctional Center, and therefore is substituted in place of Jacqueline Lashbrook, in her official capacity, pursuant to Federal Rule of Civil Procedure 25(d).
[2] Rob Jeffreys is the current Acting Director of the Illinois Department of Corrections, and therefore is substituted in place of Salvador Godinez, in his official capacity, pursuant to Rule 25(d).
[3] Steven Meeks is the current Medical Director for the Illinois Department of Corrections, and therefore is substituted in place of Louis Shicker, in his official capacity, pursuant to Rule 25(d).

set forth below, both the IDOC Defendants and the Wexford Defendants objections are sustained. The Court respectfully rejects Judge Beatty's Report and Recommendation and grants both motions to dismiss Count 5 of the Amended Complaint.

## BACKGROUND

Stewart, an inmate of the Illinois Department of Corrections ("IDOC"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 for claims arising from allegedly delayed medical treatment for a knee injury (Doc. 1). He was subsequently appointed counsel, who filed an Amended Complaint, adding several defendants and asserting a putative class action (Doc. 59). Stewart's Amended Complaint was divided into five counts:

**Count 1:** Claim for alleged violation of the Plaintiff's rights under the Eighth Amendment against Defendant Jacqueline Lashbrook;

**Count 2:** Claim for alleged violation of the Plaintiff's rights under the Eighth Amendment against Defendant Kimberly Ferrari;

**Count 3:** Claim for alleged violation of the Plaintiff's rights under the Eighth Amendment against Defendant Michael Scott;

**Count 4:** Claim for alleged violation of the Plaintiff's rights under the Eighth Amendment against Defendant Wexford;

**Count 5:** Claim for alleged violation of the putative class members' rights under the Eighth Amendment against Defendants Wexford and the State Defendants.

Stewart's Amended Complaint, specifically Count 5, indicates that he will seek to move for class status to represent "all inmates who are or will be under the direct care and medical supervision of the named Defendants and subjected to the policies and practices in the provision of medical care." (Doc. 59, p.17, ¶ 123; pp. 24-25, ¶¶150-154). Defendants now seek dismissal of Count 5 pursuant to Federal Rule of Civil Procedure

12(b)(6) for failure to state a claim upon which relief may be granted. Alternatively, they seek to strike Count 5 under Federal Rule of Civil Procedure 12(f). More specifically, Defendants argue Count 5 should be dismissed because the members of Stewart's proposed class are already part of, and thus bound by, an "essentially identical" certified class in *Lippert, et al. v. Baldwin, et al.*, pending in the Northern District of Illinois (Case No. 10-cv-4603). The Rule 23(b)(2) class in *Lippert* has been certified as representing "all prisoners in the custody of the Illinois Department of Corrections (IDOC) requiring medical care and treatment while incarcerated." (*Lippert,* 10-4603, Doc. 534, p. 20).

Stewart's Amended Complaint claims that the lack of adequate care from the IDOC Defendants and Wexford Defendants has exposed all inmates to substantial risk of harm in violation of the Eighth Amendment (Doc. 59, p.2, ¶4). Specific to Count 5, Stewart asserts, on behalf of the putative class, that Defendants failed to provide: (1) adequate staffing on weekends and holidays; (2) health care providers possessing the requisite education, training, and experience; (3) prompt referrals for off-site medical care; and (4) timely emergency treatment. (*Id.,* p.25, ¶152). Stewart prayed for a mandatory injunction requiring the Wexford Defendants and the IDOC Defendants to submit and implement a plan describing the measures they will take to provide constitutionally-adequate care and services. (*Id.* at, p.26, ¶3).

The *Lippert* class action also alleges that the health care provided to incarcerated individuals in the IDOC violates Eighth Amendment constitutional standards. (*Lippert,* 10-4603, Doc. 534, p. 1). Specifically, the *Lippert* class identifies nine IDOC policies and practices that put the class at a substantial risk of harm, in pertinent part: (1) failing to fill

medical leadership and other medical staff vacancies; (2) permitting under-qualified medical professionals to treat prisoners; (3) failing to timely identify medical problems at reception and intrasystem transfer; and (6) delaying and denying specialty care (*Id.,* p.6). The *Lippert* class prayed for injunctive relief barring unconstitutional practices and requiring the IDOC to submit and implement a plan to address these violations. (*Id.,* p.1).

### THE REPORT AND RECOMMENDATION AND OBJECTIONS

On June 12, 2019, Judge Beatty entered a Report and Recommendation that recommends the undersigned deny Defendants' Motions to Dismiss (Doc. 113). Judge Beatty was unpersuaded by Defendants' argument that the putative class action proposed in Count 5 is duplicative of the *Lippert* class, concluding that there were substantial differences between each class action. In particular, Judge Beatty concluded that each action was: not filed by the same plaintiff, not filed in the same district court, did not include the same defendants, and did not involve the same issues. (*Id.*) In short, he concluded that the outcome in *Lippert* would not likely remedy the allegations of systemically-flawed staffing schedules of the IDOC which this class addresses (*Id.,* p. 5*).*

The IDOC Defendants filed a timely objection, exhibiting the Consent Decree from the *Lippert* case, and arguing that *Lippert* requires dismissal of Count 5 because the claims are covered and duplicative relief is sought (Doc. 116). The Wexford Defendants also filed a timely objection, arguing similarly that the class is duplicative and should not be certified because Stewart is a member of the *Lippert* class (Doc. 117). Stewart filed a timely response arguing that the grounds for attacking the proposed class is premature and that there are significant differences between the two classes (Doc. 118).

## LEGAL STANDARDS

When timely objections are filed, the Court must undertake *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). This requires the Court to look at all evidence contained in the record, give fresh consideration to those issues to which specific objections have made, and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal if a party has failed to state a claim upon which relief can be granted. Dismissal of a complaint should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319 (7th Cir. 1997) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). District courts have ample discretion to dismiss duplicative litigation. *Trippe Mfg. Co. v. Am. Power Conversion Corp.*, 46 F.3d 624, 629 (7th Cir. 1995).

A motion to strike portions of a pleading is properly brought under Rule 12(f). *First Impressions Salon, Inc. v. National Milk Producers Fed'n*, 214 F. Supp. 3d 723, 735 (S.D.

Ill. 2016). Under Rule 12(f), a court may "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike may "remove unnecessary clutter from the case," serving to expedite proceedings. *Heller Financial, Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). A motion to strike is also appropriate where the pleadings are prejudicial to the non-pleading party. *Tektel, Inc. v. Maier*, 813 F. Supp. 1331, 1334 (N.D. Ill. 1992). Prejudice results where the challenged allegation has the effect of confusing the issues. *Id*. The determination of whether to strike material under Rule 12(f) lies within the trial court's discretion. *Talbot v. Robert Matthews Distributing Co.*, 961 F.2d 654, 664 (7th Cir. 1992).

## Discussion

Defendants assert that the putative class proposed by Stewart in Count 5 is duplicative of an existing certified class of which Stewart is already a member. As the Supreme Court acknowledged over forty years ago, "there is 'no precise rule' for resolving the problem created by mirror-image lawsuits in two different federal courts." *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 982 (7th Cir. 2010) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). But "[a]s a general rule, a federal suit may be dismissed for reasons of wise judicial administration . . . whenever it is duplicative of a parallel action pending in another federal court." *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) (internal citations omitted). In order to show that the actions are "duplicative," Defendants must show that the parties, claims, and available relief are "substantially similar." *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 889 (7th Cir. 2012).

First, the parties here are substantially similar. Although *Lippert* was not filed by Stewart, he is a member of the class that *Lippert* represents, being "a prisoner in the custody of the Illinois Department of Corrections with serious medical… needs." It is true that "[o]utright dismissal is most likely to be appropriate when . . . the same party has filed all of the suits." *Central States, S.E. & S.W. Areas Pension Fund v. Paramount Liquor Co.*, 203 F.3d 442, 445 (7th Cir. 2000). But *Central States*, cited by Stewart in support of his position, involved two suits filed by opposing parties, not a second class-action suit filed by a plaintiff who is already a member of a certified class action.

Additionally, *Lippert* is a class certified under Rule 23(b)(2). Rule 23(b)(2) provides that a class action may be maintained if Rule 23(a) is satisfied and if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." FED. R. CIV. P. 23(b)(2). Because *Lippert* involves class-wide injunctive relief, Stewart is bound by the class and may not opt-out. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 360, 362-63 (2011) ("[Rule 23] provides no opportunity for (b)(1) or (b)(2) class members to opt out, and does not even oblige the District Court to afford them notice of the action."). The purpose behind a class action is to avoid duplicative cases and inconsistent decisions, which is thwarted if multiple suits for injunctive relief are filed. *See* FED. R. CIV. P. 23; *Reese v. Chicago Police Dep't*, 602 F. Supp. 441, 442 (N.D. Ill. 1984) (citing *Goff v. Menke*, 672 F.2d 702, 704 (8th Cir. 1982)).

Second, the fact that *Lippert* and this case were filed in different districts is not dispositive. Stewart relies on *Hecker v. Petco Animal Supplies, Inc.* to argue that dismissal

is appropriate only when the case is filed in the same district by the same plaintiff. *Hecker v. Petco Animal Supplies, Inc.*, No. 16-10857, 2017 WL 2461546 (N.D. Ill. June 7, 2017). However, *Hecker* case was a class action brought under Rule 23(b)(3) in which members had the right to opt-out because they were seeking individualized money damages, not class-wide relief. As noted above, the class in *Lippert* consists of "all prisoners in the custody of the Illinois Department of Corrections (IDOC) requiring medical care and treatment while incarcerated." Thus, it does not matter that the two cases were filed in different judicial districts; Stewart is a member of the *Lippert* class.

Third, while the Wexford Defendants are not named Defendants in *Lippert*, Wexford—a contracted vendor of the IDOC--and its employees are still bound by the *Lippert* Consent Decree. The Consent Decree in *Lippert*, entered May 9, 2019, states: "Defendants represent that any vendor contract will require vendors to comply with all court orders, policies and procedures of IDOC." (Doc. 116-1, p.21).

Finally, the claims and relief available are also substantially similar. First, the specific claims brought forth for the putative class are essentially identical to that of *Lippert*. *See Riker v. Gibbons*, No. 3:08-CV-00115-LRH-RAM, 2009 WL 910971, at *4 (D. Nev. Mar. 31, 2009) ("Plaintiffs claim that [the prison] fails to afford them the level of medical care required by the Eighth Amendment; thus, on a general level, the Plaintiffs' injuries are identical."). Second, the plaintiffs in both cases have requested injunctive relief barring unconstitutional practices and ask the Court to require the defendants to submit and implement a plan to address the violations. In fact, the Consent Decree in *Lippert* already provides a plan to address the violations and is to remain on the Court's active

docket until the defendants are determined to be in compliance with its terms (Doc. 116-1, p. 25). The Consent Decree also contains a dispute resolution plan if the plaintiffs believe the defendants are not in substantial compliance with any specific term (*Id.,* p. 27). In this respect, *Lippert* is broad enough to provide efficient avenues of resolution for any claims that Count 5 addresses. Accordingly, Count 5 shall be dismissed.

## Conclusion

For these reasons, the Court **SUSTAINS** Defendants' objections (Docs. 117, 118) and **REJECTS** the Report and Recommendation (Doc. 113). Defendants' Motions to Dismiss (Docs. 70, 77) are **GRANTED**; Wexford's alternative Motion to Strike is **DENIED**. Count 5 is **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to substitute the Defendants in their official capacity as noted in footnotes 1-3. Because Defendants Rob Jeffreys and Steven Meeks are only named as defendants in their official capacities in Count 5, they are also **DISMISSED without prejudice**.

The action will now proceed on Counts 1-4 in Stewart's individual capacity.

**IT IS SO ORDERED.**

DATED: September 27, 2019

_____
**NANCY J. ROSENSTENGEL
Chief U.S. District Judge**