IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAVAR STEWART,<br><br>        **Plaintiff,**<br><br>v.<br><br>JACQUELINE LASHBROOK,<br>MICHAEL D. SCOTT, KIMBERLY<br>FERRARI, and WEXFORD HEALTH<br>SOURCES, INC.,<br><br>        **Defendants.** | Case No. 3:16-CV-1321-NJR |

## **MEMORANDUM AND ORDER**

**ROSENSTENGEL, Chief Judge:**

      Pending before the Court is a Bill of Costs filed by Defendant Jacqueline Lashbrook (Doc. 158) and an Objection to that Bill filed by Plaintiff Javar Stewart (Doc. 166).

      Lashbrook filed a Motion for Summary Judgment on June 5, 2020 (Doc. 134). That motion was granted, and Lashbrook was dismissed from this action on February 8, 2021 (Doc. 155). Lashbrook filed her Bill of Costs on February 22, 2021, seeking $1,558.55 in costs for fees for printed or electronically recorded transcripts obtained for use in this action (Doc. 159).

      Federal Rule of Civil Procedure 54(d) provides that costs other than attorney's fees "should be allowed to the prevailing party." A district court retains discretion, however, in whether to order the losing party to pay costs. *Rivera v. City of Chicago*, 469 F.3d 631, 634 (7th Cir. 2006). In general, when considering whether to tax costs against a losing party, the Court considers (1) whether the cost is recoverable, and (2) whether the amount

assessed is reasonable. *Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000). A Court may consider a party's indigence in assessing whether costs are reasonable. *Rivera*, 469 F.3d at 634. In reviewing indigence, a district court must first "make a threshold factual finding that the losing party is incapable of paying the court-imposed costs at this time or in the future" and then "consider the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised by a case[.]" *Id.* at 635 (quotations omitted).

Here, Stewart is proceeding in forma pauperis, he has been incarcerated since 2001 and has negligible income. He is not due for release until at least 2029, and thus his financial situation is unlikely to change significantly in the near future. In sum, he appears incapable of paying the costs requested. The Court further notes that his action here was not frivolous, and that while the Court did decide to grant Lashbrook's Motion for Summary Judgment, that required a lengthy assessment of complex facts.

Accordingly, based on Stewart's indigence, the Court **DENIES** the Bill of Costs in its entirety (Doc. 158).

**IT IS SO ORDERED.**

DATED:   May 3, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**